SCHOTT, Chief Judge.
On the application of State Farm Mutual Automobile Insurance Company we grant certiorari in order to review a judgment of the trial court ordering reporter to be present at the medical examination of respondent.
Anticipating that respondent would file suit against relator for damages for personal injury resulting from an automobile accident relator filed a petition in the trial court to compel respondent to submit to an independent medical examination. The trial court granted the petition, but also ordered that a court reporter be present to take notes during the examination. Relator contends the trial court abused its discretion.
Respondent is concerned about having an accurate record of the examination; but this can be accomplished without the intrusion of a court reporter into a physician’s medical examination of relator. The physician is expected to preserve all of his notes, records, and reports pertaining to the examination as well as reports of any tests made on respondent such as X-rays and CAT scans. Preservation of these materials will adequately address respondent’s concerns. We have concluded that the trial court abused its discretion in this regard. Our decision is consistent with Chaisson v. Hartford Ins. Co., 549 So.2d 1297, 1298 (La.App.3d Cir.1989) in *306 which the court found that the trial court’s order that a medical examination be video taped was an abuse of discretion.
Accordingly, the judgment of the trial court ordering respondent to submit to a medical examination is amended to delete the provision that a court reporter be present at the examination.

AMENDED.